# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 16, 2001

## STATE OF TENNESSEE v. DAVID D. HARRIS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-A-814      Seth Norman, Judge**

---

**No. M1999-02469-CCA-R3-CD - Filed September 19, 2001**

---

The State appeals the judgment of the Davidson County Criminal Court suspending the appellee's sentences for aggravated robbery and granting the appellee probation for a term of twenty-four years. Following a review of the record and the State's brief,[1] we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Russell S. Baldwin, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Charles A. Carpenter, Assistant District Attorney General, for the appellant, State of Tennessee.

Lionel R. Barrett, Jr., and Jefre S. Goldtrap, Nashville, Tennessee, for the appellee, David D. Harris.

## OPINION

### I.

On June 16, 1999, the appellee, David D. Harris, pled guilty in the Davidson County Criminal Court to seven counts of aggravated robbery. The pleas arose from the appellee's participation in a series of robberies at various business establishments in the Nashville metropolitan area in October and November of 1997. According to the appellee, he used an unloaded gun during the robberies to frighten his victims. Additionally, he bound his victims with "flex-cuffs" and, on several occasions, threatened to locate and harm the victims should they report the robberies to the police. Both the appellee and his co-defendant, Robert W. Proudfoot, participated in the robberies

---

[1] On April 4, 2001, this court denied the appellee's motion to late-file his brief following the expiration of a deadline set by the court pursuant to the appellee's previous request for an extension of time in which to file his brief.

for the purpose of accumulating sufficient funds to create and operate an adult entertainment Internet site.

The appellee's guilty pleas were unaccompanied by any agreement concerning sentencing. Accordingly, the trial court conducted a sentencing hearing on October 27, 1999. At the conclusion of the hearing, the trial court imposed minimum sentences of eight years incarceration in the Tennessee Department of Correction for each count of aggravated robbery. The trial court further ordered that four of the appellee's eight-year sentences be served concurrently with one another and concurrently with two, consecutive ten-year sentences imposed by the Williamson County Circuit Court on October 14, 1998, pursuant to the appellee's convictions of aggravated robbery in that county. As to the remaining three Davidson County sentences, the trial court ordered that they be served consecutively to one another and consecutively to the Williamson County sentences. The trial court, however, suspended the Davidson County sentences, effectively placing the appellee on probation for twenty-four years following the appellee's service of his Williamson County sentences. The State now appeals the trial court's grant of probation.

## II.

Appellate review of the manner of service of a sentence is de novo with a presumption of correctness. Tenn. Code. Ann. § 40-35-402(d) (1997); State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The presumption of correctness is conditioned upon an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. Ashby, 823 S.W.2d at 169. "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing [Reform] Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992); see also State v. Price, 46 S.W.3d 785, 819 (Tenn. Crim. App. 2000), perm. to appeal denied, (Tenn. 2001). In this case, the trial court failed to comply with Tenn. Code Ann. § 40-35-303(a) (1997), which prohibits probationary sentences in aggravated robbery cases. Accordingly, not only does the presumption of correctness fall, but we must also reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE